UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| MARLON TROY DUMARCE,<br><br>Petitioner,<br><br>vs.<br><br>STATE OF SOUTH DAKOTA, *et al.*,<br><br>Respondents. | 1:23-CV-01009-CBK<br><br>ORDER |

    Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging four South Dakota circuit court criminal convictions and sentences. He asserts that the State of South Dakota did not have jurisdiction to prosecute the crimes. He contends that he is therefore wrongly imprisoned. He further contends that counsel was ineffective in failing to raise the jurisdictional issue on appeal.

    Petitioner has filed a motion to proceed *in forma pauperis* without the prepayment of the filing fee. I find that petitioner is indigent. Petitioner must nonetheless pay the $5 filing fee in this case. 28 U.S.C. § 1914(a).

    Petitioner is challenging his March 16, 2017, conviction for possession of methamphetamine and being an habitual offender in 54CRI15-000597, for which he was sentenced to ten years imprisonment with ten years suspended. Petitioner is also challenging his March 16, 2017, conviction for unauthorized ingestion of methamphetamine and being an habitual offender in 54CRI15-000635, for which he was also sentenced to ten years imprisonment with ten years suspended. Both sentences were ordered to be served concurrently.

    Petitioner filed a state court petition for a writ of habeas corpus, 54CIV17-000075, challenging the convictions and sentences in 54CRI15-000597 and 54CRI15-000635. That habeas case was dismissed with prejudice September 19, 2019, on petitioner's motion based upon a plea agreement in 54CRI17-201.

On January 23, 2019, petitioner filed second petitions for a writs of habeas corpus challenging his March 16, 2017, convictions, 54CIV19-000009 and 54CIV19-000010. His request to file successive applications challenging those convictions was granted December 2, 2020, and those petitions are pending.

In addition to the two convictions from March 2017, petitioner is challenging his September 19, 2017, conviction and five-year prison sentence imposed in 54CRI17-000201 for ingestion of methamphetamine which was imposed to run consecutively to the sentences imposed on March 16, 2017. Petitioner filed a petition for a writ of habeas corpus challenging that conviction in state court on December 19, 2018, 54CIV18-000114. That petition was denied on March 23, 2020. The Circuit Court denied petitioner's motion for a certificate of probable cause to appeal to the South Dakota Supreme Court. On December 2, 2020, he filed in that case an application to file a successive petition which was granted and the petition is pending.

Finally, petitioner is challenging his March 20, 2022, conviction for aggravated assault with a deadly weapon (a knife) in 43CRI19-000029, for which he was sentenced to fifteen years imprisonment with eight years suspended, to run concurrent with the sentences he was already serving. He appealed the conviction and sentence and the South Dakota Supreme Court affirmed. State v. Dumarce, 985 N.W.2d 440 (S.D. 2023).

## DECISION

I have conducted an initial consideration of the motion, as required by Rule 4 of the Rules Governing Section 2254 Proceedings for the United States District Courts.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires petitioner to exhaust available state court remedies prior to seeking federal habeas corpus. 28 U.S.C. § 2254(b)(1)(A), Sasser v. Hobbs, 735 F.3d 833, 842 (8th Cir. 2013). "The exhaustion requirement has as its purpose giving state courts 'the first opportunity to review federal constitutional issues and to correct federal constitutional errors made by the state's trial courts.'" Smittie v. Lockhart, 843 F.2d 295, 296-97 (8th Cir. 1988). A state court habeas remedy is available to plaintiff pursuant to SDCL 21-27-1 to challenge his March 20, 2022, conviction. Petitioner has not exhausted his state court habeas

remedies as to the last conviction he is challenging. Pursuant to 28 U.S.C. § 2254(b), the petition must be dismissed without prejudice to allow petitioner an opportunity to exhaust his state court remedies as to the March 20, 2022, aggravated assault conviction in 43CRI19-000029.

Successive habeas petitions are pending as to the other three state court criminal convictions petitioner is challenging in this case. Petitioner has not completed his state court challenges to those convictions.

## ORDER

Now, therefore,

IT IS ORDERED:

1. Petitioner's motion, Doc. 5, to proceed *in forma pauperis* without the prepayment of the $5.00 filing fee is granted.

2. Whenever the amount in plaintiff's trust account exceeds $10.00, the institution having custody of the plaintiff is hereby directed to forward monthly payments that equal 20% of the funds credited the preceding month to the plaintiff's trust account to the U.S. District Court Clerk's office pursuant to 28 U.S.C. § 1915(b)(2), until the $5.00 filing fee is paid in full.

3. The Clerk of Courts shall send a copy of this order to the appropriate official at plaintiff's institution.

4. The petition for a writ of habeas corpus is denied without prejudice for failure to exhaust state court remedies.

5. The motion, Doc. 2, to appoint counsel is denied as moot.

DATED this 18th day of March, 2024.

BY THE COURT:

*Charles B Kornmann*

CHARLES B. KORNMANN
United States District Judge